Reed, J.,
delivered the opinion of the court.
Appellee brought suit upon the individual note of appellant for $277.93, with interest at 10 per cent. Complaint is in the usual form, alleging $429 to be due and unpaid, to which *184 the defendant filed the following paper for an answer: “ The defendant, for answer to the complaint in the above entitled cause, says that, as he is informed and believes, he is not indebted to plaintiff, in any sum whatever, on the note set forth in plaintiff’s affidavit for attachment, or otherwise; that said note was executed in payment of a debt owed jointly by affiant and one Daniel E. Parks; that said note was secured by a chattel mortgage on certain property owned jointly by affiant and said Parks, and certain other property of affiant; that, upon maturity of said note, said property was taken, possession of by plaintiff, and turned over to the said Parks, as custodian and agent of plaintiff; that the value of said property largely exceeded the amount due on said note ; that on or about December 1, 1889, the said Parks being justly indebted to affiant in the sum of about thirty thousand dollars, and for a valuable consideration, released said property from said seizure by plaintiff, restored the possession of the same to affiant, and sold and delivered to affiant all the right, title and interest which he had in and to the same, by which, affiant is informed and believes, said note became paid, in so far as affiant is concerned, and said Parks assumed, and justly became liable for the payment of the same, and said plaintiff is now required to look to said Parks for such payment. D. J. Haynes, attorney for defendant.” (Verified by the defendant.) Plaintiff’s counsel moved- to strike out the answer on the ground that it was “sham,” and interposed for delay; also, for judgment on the pleadings; The motions were sustained. Such judgment upon the motions is brought here for review.
By section 65 of the Civil Code, it is provided: “ Sham and irrelevant answers and defenses, and so much' of any pleading as may be irrelevant, redundant, immaterial or insufficient, may be stricken out on motion and upon such terms as the court in its discretion may impose.” Consequently, there was no question in regard to reaching the answer in that way, if the causes alleged in the motion existed. The judgment must be affirmed. The answer is an anomaly in *185 the way of pleading; no precedent can be found for it in all the code pleading devised by human ingenuity. Commen ts upon it, or an analysis, are unnecessary. It is stated and verified on information and belief. If each allegation had been established by proof, it would have interposed no defense to his individual note in the hands of the plaintiff. A claim and cause of action against Parks might have been disclosed, or a moral or legal obligation of Parks to pay, but we are at loss to see how the plaintiff’s claim could be affected by it. If the facts in regard to the chattel mortgage, as stated, were true, — that the chattels were taken by the plaintiff, by him intrusted to Parks, as his agent or custodian, and by him were delivered to the defendant, and were by neither subjected to the payment of the debt, — we cannot see how it would extinguish it, and release the maker of the note. The only way such matter could be made available would be by showing some transaction, in which the plaintiff participated, whereby the defendant was released, and Parks substituted. Failing in that, or in showing payment, it presented no defense to the action, and might be stricken from the files on motion. The defendant failing to ask leave to file another answer, the court very properly allowed judgment.

Affirmed.