#### [No. 1420.]
#### STEINHAUER ET AL. v. COLMAR.

1. PLEADING AND PRACTICE—IRRELEVANT ANSWER—STRIKING OUT.
If an answer as a whole is sham or irrelevant a motion to strike out the
entire answer is proper under section 60, Civil Code.

2. PRACTICE—JUDGMENT ON PLEADING.
A judgment on the pleading is a judgment on the merits and is war-
ranted by chapter 10, Civil Code.

3. SAME—IMMATERIAL ERROR.
Although an answer was not irrelevant, if it was insufficient and dis-
closed no reason why the plaintiff should not have the judgment
prayed for, an error of the court in striking out the answer was im-
material, since a motion for judgment on the pleadings was properly
sustained whether the answer be stricken out or considered as a
living pleading in the case.

4. PRACTICE — MOTIONS TO STRIKE OUT AND FOR JUDGMENT ON
PLEADING.
It is proper to move to strike out an answer and at same time to move
for judgment on the pleading.

5. PRACTICE—DEFAULT.
The code provision authorizing the entry of default against a defend-
ant, when he fails to plead within the time limited by law or the
order of the court, is for the benefit of the plaintiff to enable him
to cut off the right of the defendant to plead to the complaint, and
if he fails to exercise this privilege, the defendant is not injured

and has no right to complain. A judgment on the pleadings is not irregular or improper because of a failure to enter default of the defendant after striking out his answer.

6. JUDGMENTS—COLLATERAL ATTACK.

A judgment is not void merely because it was rendered without evidence, or upon an insufficient complaint, and the question as to whether an affirmed judgment was rightfully or wrongfully rendered cannot be raised in a suit upon the appeal bond.

7. CORPORATIONS—DISSOLUTION NO BAR TO ACTIONS.

The dissolution of a corporation cannot be pleaded in bar of an action against it where the cause of action arose before the dissolution.

8. CORPORATIONS—RECEIVERS—SUBSTITUTION.

The appointment of a receiver for a corporation does not work its dissolution. Nor is it necessary to substitute the receiver as party defendant in an action pending against the corporation at the time of the appointment.

9. APPEAL BOND—LIABILITY OF SURETIES.

Upon affirmance of a judgment on appeal and a failure to pay the judgment the liability of the sureties on the appeal bond became absolute. The obligee in the bond is not required to exhaust his remedy against the principal nor to proceed against the principal at all before having resort to the sureties, and he may bring his action against the sureties without joining the principal.

*Appeal from the District Court of Arapahoe County.*

Messrs. CARPENTER & McBIRD, for appellants.

Mr. C. L. DICKERSON and Mr. A. J. RISING, for appellee.

THOMSON, P. J., delivered the opinion of the court.

Suit against the sureties on an appeal bond. The complaint alleged that on the 6th day of June, 1894, judgment was rendered in the Arapahoe district court in favor of the appellee, and against the Great Western Mutual Aid Association, for $1,500 and costs; that the association appealed from the judgment to this court, and, for the purposes of the appeal, executed its bond to the appellee in the sum of $2,000, with these appellants as sureties, conditioned for the due and effectual prosecution of the appeal, and the payment of the amount of the judgment, costs, interest and damages, ren-

dered and to be rendered against it, in case the judgment should be affirmed; that on the 13th day of January, 1896, the judgment was affirmed by this court with the costs of appeal, and that the judgment and costs were wholly unpaid.

The answer alleged that the judgment against the association in the district court was void, for the reasons that there was no evidence to support it, and that the complaint did not state a cause of action; that on the 22d day of June, 1895, the association was by the district court placed in the hands of a receiver and was still in his hands; that after the affirmance of the judgment, the appellee commenced proceedings against the estate for the collection of the judgment, and asked an order upon the receiver for its payment; that the receiver answered the petition, and the appellee afterwards withdrew it; that the appellee thereafter wholly failed and refused to undertake the collection of the judgment from the association in any manner whatsoever, or to procure an order on the receiver for its payment in whole or in part, although the assets in the hands of the receiver were sufficient for its payment; that if the judgment was just and proper it was a preferred claim against the estate; that at the time of the affirmance of the judgment by this court, the association had gone out of existence, and its affairs were in the hands of a receiver; that the receiver was not substituted as appellee, but that judgment was rendered by this court against the association after its dissolution, and against an organization not in existence, and was therefore void.

The plaintiff moved to strike out the answer on the grounds of irrelevancy and immateriality, and also moved for judgment on the pleadings. Both motions were sustained, and a judgment, from which this appeal is prosecuted, entered for the plaintiff. The errors assigned are the rulings of the court sustaining the motions, and the rendition of the judgment.

It is contended that the motion to strike out was without authority of the code, and was therefore improper. In support of their contention the defendants rely on code section 60, which provides that answers may be demurred to for insuffi-

ciency, and that sham and irrelevant answers, and so much
of any pleading as may be irrelevant, redundant, immaterial
or insufficient, may be stricken out on motion. The position
assumed is that a motion to strike out can reach only specific
parts of an answer, and that when the answer as an entirety
is objected to, the objection must be taken by demurrer. But
if the objection be that the answer as a whole is sham or ir-
relevant, a motion to strike it out is, in terms, permitted, and
irrelevancy was one of the grounds of this motion. For in-
sufficiency of the entire answer the objection can be taken
only by demurrer. An answer that is irrelevant is of course
insufficient, but it may be insufficient without being irrele-
vant. If this answer was objectionable on the ground of ir-
relevancy, the motion was properly made and sustained; but
we do not think it will be necessary to decide whether it was
or not.

The objection to the ruling of the court sustaining the
motion for judgment on the pleadings, is based also on the
ground that there is no warrant for such motion in the code,
and we are referred to code chapter 10 as determinative of
the question raised. That chapter provides for cases in which
an action may be dismissed, and for cases in which judgment
of nonsuit may be taken against the plaintiff. It then pro-
vides that in every other case judgment shall be rendered on
the merits. It is argued that these provisions are exclusive,
and that hence there is no such thing as a judgment on the
pleadings. It is not so stated in words, but we infer that
counsel's opinion is that a judgment, in order to be a judg-
ment on the merits, must be preceded by some kind of a trial,
or investigation of the facts. But this is not correct. If the
defendant should answer admitting all the allegations of the
complaint, judgment would go against him without trial, be-
cause he confessed the plaintiff's right to a judgment. The
judgment would be a judgment on the merits, but it would
also be a judgment on the pleadings. If a defendant's de-
murrer to the complaint should be overruled, and he declined
to plead further, judgment would go against him, and the

judgment would be a judgment on the merits, because the demurrer confessed the facts as the complaint stated them; but, the merits would be adjudged on the pleadings. If the defendant's answer should leave the facts stated in the complaint uncontroverted, and plead affirmative matter constituting no defense, the plaintiff would be entitled to judgment, because his cause of action, being undenied, would be admitted, and the matter pleaded would interpose no impediment to the judgment. Such a judgment would be a judgment both on the merits and on the pleadings. These observations also apply to certain cases where judgment is rendered against the defendant for failure to answer. A judgment on the pleadings is necessarily a judgment on the merits, and is therefore fully warranted by code chapter 10.

The motions to strike, and for judgment, were both made before any ruling upon either, and they were both sustained. The defendants did not ask for leave to amend their answer, or file a new one, but stood upon it as it was; and they rely for a reversal upon the supposed errors committed in sustaining the two motions, and upon the sufficiency of their pleading. If the answer was sufficient, it was error to strike it out, and it was likewise error to give judgment against the defendants without a trial. If the answer was obnoxious to charge of irrelevancy, then it was properly stricken out, and judgment was properly rendered on the complaint; but if it was not irrelevant, and was therefore improperly stricken out, yet if it was insufficient and disclosed no reason why the plaintiff should not have the judgment prayed, then, disregarding the ruling of the court in striking it out, and considering it as a living pleading in the case, the motion for judgment on the pleadings was properly sustained. In either case the judgment was a judgment on the pleadings, and the question of the propriety or impropriety of the action of the court in striking out the answer is unimportant, if it stated no defense. If the defendant was not prejudiced by the ruling, he is not in a position to complain of it. *Kindel v. Lithographing Co.*, 19 Colo. 310; *Tom Boy Gold Mines Co. v.*

*Green, ante,* p. 447, 53 Pac. 845. And it is entirely proper to move to strike out an answer, and at the same time move for judgment on the pleadings. *Rhodes v. Hutchins,* 10 Colo. 258; *Johnson v. Tabor,* 4 Colo. App. 183.

But it is said that when the answer was stricken out the case stood as if no answer had ever been made; that no default was asked, and that the judgment having been entered without a default first taken, was irregular and improper. There is nothing in this objection. The code provision authorizing the entry of default against a defendant, when he fails to plead within the time limited by the law, or the order of the court, is for the benefit of the plaintiff. It is to enable him to cut off the right of the defendant to plead to the complaint, and if he fails to' exercise his privilege the defendant is not injured. His neglect in this particular furnishes the defendant with no ground of complaint. *Manville v. Parks,* 7 Colo. 128.

The only remaining question is whether the answer set forth any defense to the action.

The first averment was that the judgment against the Mutual Aid Association was void, because there was no evidence to sustain it, and because the complaint upon which it was rendered did not state a cause of action. In the argument no notice is taken of this allegation, and we shall not notice it except to say that a judgment is not void merely because it was rendered without evidence, or upon an insufficient complaint; and further, that the question whether it was rightfully or wrongfully rendered, cannot be raised in this suit.

It was then alleged that after the rendition of the judgment a receiver was appointed to take charge of the affairs of the association, and that they were still in his charge. It was also averred that the association was dissolved; but this averment was connected with, and based on, the allegation of receivership, and appeared not as a statement of fact, but as a conclusion. The fact which was stated was the appointment of the receiver, and the dissolution was set forth as a result

which the pleader deduced from that fact. The sufficiency of a pleading is to be determined from its statements of fact, and the pleader's individual conclusions deduced from the facts which he sets forth, go for nothing.

In their argument, however, counsel do not undertake to discuss the effect of the appointment of the receiver upon the corporate existence; but assuming that this corporation was in fact and in law dissolved, they contend that a judgment rendered against it after its dissolution was void. For the purposes of our opinion we shall, for the present, accept counsel's hypothesis, and examine their argument on the theory of an actual dissolution. The judgment alleged to be void was the order of affirmance made by this court. The judgment which was affirmed was rendered more than a year before the receiver was appointed, and while the corporation was engaged in business, and in full possession of its corporate powers. That judgment was therefore valid. It was held in suspense by virtue of the appeal until this court should pass upon the record, so that in the mean time the plaintiff could take no steps looking to its enforcement; but its validity was unimpaired by the appeal, and the effect of its affirmance by us was only to remove the restraint upon its collection which the appeal had interposed. It never became a judgment of this court. We did not pass upon the merits of the controversy, or adjudicate the rights of the parties. We simply said that the record, as it was presented to us, disclosed no error which would justify us in interfering with the judgment. The argument rests upon hypotheses, and consists of reasoning, which render it entirely inapplicable to the action of this court in affirming the judgment.

The decisions to which counsel cite us were rendered in cases in which the controversy was heard, and the rights of parties adjudicated and determined, in a trial court, after the dissolution of the corporation. There is not one which refers to the action of an appellate court in affirming a judgment already rendered; but even if they were,—which they are not,—what counsel appear to suppose them to be, they

would not be authority in this state. It is provided in our law concerning corporations that the dissolution of a corporation, for any cause whatever, shall not take away or impair any remedy given against such corporation for liabilities incurred previous to its dissolution. Gen. Stats. sec. 270. Therefore in no court, and in no stage of a suit, can the dissolution of a defendant corporation be pleaded in bar of an action against it, where the cause of action arose before the dissolution. The state of Illinois has a similar statute ; and in *Life Association v. Fassett,* 102 Ill. 315, one of the cases relied on in behalf of the appellant, and in which an attachment had been levied upon lands in Illinois belonging to the corporation, a citizen of Missouri, and dissolved by the decree of a Missouri court three days after the levy of the attachment, the court said : " When the attachment in this case was sued out, there was no legal impediment in the way of enforcing the plaintiff's claim. It was rightfully levied upon the company's lands, and became an existing lien upon them, and a security for the attaching creditor's claim. If the company were a domestic corporation, it is clear this lien could not be defeated by a decree of dissolution under insolvent proceedings here. The company would be regarded, notwithstanding such decree, as still existing, for the purposes of enforcing the attachment lien, by proceeding to judgment and execution in the usual way, and we see no sufficient reason why a foreign corporation owning property and doing business here should not be regarded in the same way, and placed upon an equal footing in this respect with domestic corporations." If therefore this association had been dissolved, so far as it could be dissolved by the decree of a court or otherwise, it nevertheless remained in existence for the purposes of the enforcement against it of just liabilities contracted before its dissolution ; and, giving the allegations of the answer the full effect which counsel in their argument claim for them,—namely, that the appointment of the receiver *ipso facto* worked a dissolution,—the allegations would constitute no answer to the complaint even if the dissolu-

tion had occurred before the rendition of the judgment in the trial court.

But the mere appointment of a receiver for a corporation does not work its dissolution. By the payment of its debts, or by an arrangement with its creditors, or in some other way, the receiver may be discharged, and the corporation may resume business. See *Jones* v. *Bank of Leadville*, 10 Colo. 464. The order of affirmance by this court was, therefore, not made against a dissolved corporation. Counsel do not undertake to make any point on the allegation that the receiver was not substituted as appellee, and none could be successfully made. The answer did not allege that any motion for his substitution was ever presented. The appointment did not come within our judicial knowledge, and in order that the substitution might be made, it was necessary that the appointment should be brought to our attention in the regular way. The answer did not state that the corporation was not properly represented, or its interests properly protected, in this court; or that in any manner, or for any reason, it suffered any detriment from the want of substitution of the receiver.

If it had been actually dissolved, the suit would have regularly proceeded just as it did, and certainly the proceeding which was had, was not any less regular because the corporation, instead of being dissolved, was merely in the charge of a receiver. We do not find in the answer the smallest real or hypothetical ground of complaint on account of the manner in which the result in this court was reached.

The answer averred that the plaintiff filed his claim against the estate, and afterwards withdrew it, and that he then refused in any manner to undertake its collection from the association. Counsel make no point on this allegation, and we confess to an inability to comprehend its purpose. These defendants assumed a liability to the plaintiff for the amount of the judgment in case it was affirmed, and was not paid by the association. It was affirmed, and it was not paid, and their liability became absolute. The plaintiff was not required to exhaust his remedy against the principal, or to proceed

against it at all, before having resort to the sureties. He had the right to bring his action against them, without joining the principal, and without having instituted any proceeding against it. *Wilson* v. *Welch*, 8 Colo. App. 210. The answer did not contain the semblance of a defense, and whether the judgment was rendered upon the complaint alone because the answer was stricken out, or upon both complaint and answer, it was right and must be affirmed.

*Affirmed.*