In re M & L BUSINESS MACHINE
CO., INC., Debtor.

Christine J. JOBIN, Trustee, Plaintiff,

v.

Ruth WAUKAU, Defendant.

Bankruptcy No. 90–15491 CEM.
Adv. No. 92–2683 RJB.

United States Bankruptcy Court,
D. Colorado.

Sept. 1, 1993.

Order on Motion for Reconsideration
Oct. 5, 1993.

Christine J. Jobin, pro se.

Gregory J. Anderson, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on August 17, 1993, on the parties' cross motions for summary judgment. Defendant seeks dismissal of the first two claims in the Complaint under 11 U.S.C. §§ 548(a)(2) and 548(c). Additionally, Defendant seeks dismissal of the third claim in the Complaint under § 544 which incorporates the old ver-

sion of the Colorado fraudulent transfer statute, C.R.S. § 38–10–117. Plaintiff seeks summary judgment against the Defendant under 11 U.S.C. § 548(a)(1); for summary judgment against the Defendant that § 548(c) is not available to the Defendant; and for summary judgment against the Defendant under § 544.

There is no dispute that in this case the Debtor, M & L Business Machine Co., Inc., was operating a "Ponzi" scheme.[1] Defendant was an "investor" caught up in that scheme.

Under 11 U.S.C. § 548(a)(1) the Plaintiff must show that (1) there was a transfer of an interest of the Debtor in property; (2) the transfer occurred within one year of the date of the filing of the bankruptcy petition; and (3) the transfer was made with the actual intent to hinder, delay or defraud a creditor of the Debtor. By way of affidavit the Plaintiff has shown that the funds received by the Defendant ($15,217) were funds belonging to the Debtor, and that she received those funds within one year prior to the filing of the bankruptcy petition. (See Exhibit 6 to the Affidavit of E. Jayne MacPhee attached to the Plaintiff's Memorandum Brief, etc. filed July 6, 1993). The bankruptcy petition was filed October 1, 1990.

■■■ The Plaintiff must prove actual intent to hinder, delay or defraud under § 548(a). As the Court held in *In re Independent Clearing House Co.*, 77 B.R. 843 (D.Utah 1987), in a Ponzi scheme the only inference that the Court can make is that the Debtor had the requisite intent to hinder, delay and defraud under § 548(a)(1).

Thus, the Trustee is entitled to summary judgment on her First Claim for Relief under 11 U.S.C. § 548(a)(1).

Although the Trustee has in her Second Claim for Relief asserted an alternative claim under 11 U.S.C. § 548(a)(2), and the parties have argued the issues therein, it is not necessary for the Court to consider this claim because the Plaintiff is entitled to judgment under § 548(a)(1), *supra*.

■■ A defense is provided to those who are the recipients of transfers described in § 548(a)(1). That section provides that if a transferee takes for value and in good faith he may retain the property transferred to the extent he gave value for the transfer. The burden is on the Defendant to establish both that she gave value and that she took the subject transfers in good faith.

■■ The main issue present in the within cross motions is whether this Court should use the so-called "subjective" or the "objective" standard to evaluate the Defendant's good faith under § 548(c). This Court agrees with the Court in *In re Agricultural Research and Technology Group, Inc.*, 916 F.2d 528 (9th Cir.1990), that an "objective" standard should be applied, i.e. the Court must look to what the Defendant objectively "knew or should have known," rather than examining solely what the Defendant now asserts in her affidavit was her subjective knowledge of the transaction. Thus, I find that there are genuine issues of material fact that must be determined at trial concerning the Defendant's good faith.

Likewise there are genuine issues of material fact concerning whether the Defendant gave "value" under § 548(c). By way of illustration and not by limitation, there is a question as to whether the Defendant received her principal investment back or interest on that investment. Therefore, the entire defense under § 548(c) must await determination at trial.

Finally, because the Trustee's discovery efforts were stayed by operation of Procedural Order No. 1 which was entered in Complex Case No. 93–9991 on January 8, 1993, she should be given an opportunity to explore the issues of intent, want of consideration, and notice inherent in C.R.S. § 38–10–117, notwithstanding the Defendant's own self-serving statements in her Affidavit. The Trustee was not permitted to pursue such discovery until August 25, 1993. Therefore, the Court will deny both parties motions concerning the Third Claim for Relief. Although, as the parties can discern, additional motions for summary judgment on these is-

---

1. For the history of Ponzi schemes, *see In re Independent Clearing House Company*, 41 B.R. 985 (Bankr.Utah), at 994–995 n. 12, and works cited therein.

sues will be very difficult to obtain when the issue is the intent of one of the parties. Such matters are usually best determined at a trial on the merits rather than on a cold record of affidavits. It is, therefore,

ORDERED that the Plaintiff's Motion for Summary Judgment under 11 U.S.C. § 548(a)(1) is granted, and the remainder of the cross motions for summary judgment by both partes are denied and all other issues must await determination at trial. The Court is specifically *not* making a finding under Rule 54(b), Fed.R.Civ.P.

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court upon the Defendant's MOTION FOR RECONSIDERATION filed September 9, 1993. This motion requests a determination whether this Court should use the objective or subjective standard in ascertaining the Defendant's good faith under 11 U.S.C. § 544, as has already been found for 11 U.S.C. § 548.

 This Court has previously ruled that under § 548(c), the objective standard should be applied in determining the good faith of the Defendant. (Memorandum Opinion and Order entered September 1, 1993) This ruling followed the case of *In re Agricultural Research and Technology Group, Inc.,* 916 F.2d 528 (9th Cir.1990). That case involved a trustee's suits to avoid transfers pursuant to § 544 of the Bankruptcy Code. The court stated that:

> ... courts look to what the transferee objectively "knew or should have known" in questions of good faith, rather than examining what the transferee actually knew from a subjective standpoint.

Based on that § 544 case, this Court found that the objective standard was also applicable to § 548. This Court will also follow the *Agricultural Research* case in finding that the same standard should apply to the determination of the transferee's good faith under § 544.

ORDERED that Defendant's Motion for Reconsideration be and the same is hereby granted.

FURTHER ORDERED that the objective standard shall be used to determine the transferee's good faith under 11 U.S.C. § 544.