In re Elizabeth SUTHERLAND–
MINOR, Debtor.

Adams County Department of
Social Services, Plaintiff,

v.

Elizabeth Sutherland–Minor,
Defendant.

Bankruptcy No. 05–33231 HRT.
Adversary No. 05–2070 HRT.

United States Bankruptcy Court,
D. Colorado.

July 12, 2006.

Elizabeth Sutherland–Minor, Dacono, CO, pro se.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND LIMITING ISSUES FOR TRIAL

HOWARD R. TALLMAN, Bankruptcy Judge.

This case comes before the Court on Plaintiff's Motion for Summary Judgment. Plaintiff seeks judgment on its claim of exception to discharge under 11 U.S.C. § 523(a)(2)(A) and seeks to establish the facts in this case through collateral estoppel. Plaintiff is the Adams County Department of Social Services ("Department"), charged with providing social services and benefits under the Colorado Child Care Assistance Program to residents in its jurisdiction. Defendant is the Chapter 7 Debtor and was a recipient of Child Care Assistance from the Plaintiff.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) as a matter arising under the Bankruptcy Code. This adversary is a core proceeding under 28 U.S.C. § 157(b)(2)(1).

### I. Background and Procedural History

The Plaintiff seeks to have this Court grant its Motion for Summary Judgment in determining the dischargeability of Defendant's debt pursuant to 11 U.S.C. § 523(a)(2)(A) based upon the judgment entered against the Defendant by the Adams County Court ("State Court") in Colorado. The Plaintiff alleges that the Defendant fraudulently misrepresented her residential address to the Department, thereby inappropriately receiving Child Care Assistance ("Benefits") during the time period from January 2002 through October 2002. The Colorado Department of Human Services, Rule § 3.904.1.A.4, requires that an individual reside within the county he or she receives Benefits from.

The Plaintiff further alleges that in October 2001, the Defendant completed an application for Child Care Services, indicating that her address was in Adams County. In April 2002, the Defendant submitted a letter to the Department reporting that she had moved to her father's house, also located in Adams County. However, the Plaintiff alleges that in December 2002, the Defendant's father informed an investigator with the Recovery and Investigations Unit of the Department that she had not lived at his home for over a year and he believed she was residing in Arapahoe County. In April 2005 the Defendant reported her address to School District 14 as being in Jefferson County, while subsequently informing the Department of Labor that she lived in Arapahoe County. Also in December 2002, according to the Plaintiff, the Defendant's husband, who she was separated from, informed the Investigator that he believed that the Defendant was living with her grandmother in Jefferson County.

From the above allegations, the Department determined that recovery of Benefits was warranted for January 2002 through October 2002. The Benefits the Defendant collected during that period amounted to $10,320, and the Department served the Defendant with a summons and complaint for a civil action to recover it. The allegations in the State Court Complaint were as follows: 1) the Defendant *was* a resident of Adams County the entire time she received Benefits, but it appears that this statement was in error and supposed to indicate that the Defendant was *not* a resident the entire time she received Benefits; 2) the amount at issue in this case did not exceed fifteen thousand dollars; 3) the amount at issue was $10,320 with proper interest, costs, and other items, 4) the

Defendant received public assistance payments to which she was not entitled from January 2002 through October 2002. At trial in the State Court on December 6, 2004, the Defendant confessed to the allegations in the Plaintiff's complaint, resulting in a judgment entered against her for $10,320 plus twenty-five dollars in court costs. The Defendant filed a voluntary petition for Chapter 7 Bankruptcy on September 7, 2005. The Department recovered $1,898.57 on the State Court judgment as of that date.

The Plaintiff seeks to use the judgment entered in the State Court to establish the facts alleged in the complaint filed in this adversary proceeding via the Doctrine of Collateral Estoppel.

## II. Discussion

### A. Summary Judgment

FED. R. CIV. P. 56, as applied to bankruptcy cases by FED. R. BANKR. P. 7056, dictates the standard which this Court must apply in ruling on a motion for summary judgment. Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden is on the moving party to show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When applying Rule 56, a court must examine the factual record and reasonable inferences that may be drawn from it in the light most favorable to the party opposing the motion. *Dillon v. Fibreboard*

*Corp.*, 919 F.2d 1488, 1490 (10th Cir.1990). The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir.2000). If the moving party makes a prima facie case, the burden then shifts to the non-moving party to set forth specific facts demonstrated by evidence, "from which a rational trier of fact" could find in its favor. *Id.* A verified complaint (or answer) may be treated like an affidavit. *See Green v. Branson*, 108 F.3d 1296, 1301 (10th Cir.1997). However, "conclusory and self-serving affidavits are not sufficient" to rebut the moving party's prima facie case [1]. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991).

■ The Plaintiff correctly points out that the standard of proof in both a Colorado action for fraud and § 523 is a preponderance of the evidence, so the standard of proof applied to any rulings made in the State Court is applicable to this proceeding as well. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). However, "exceptions to discharge are to be narrowly construed, and because of the fresh start objectives of bankruptcy, doubt is to be resolved in the debtor's favor." *Bellco First Federal Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361 (10th Cir.1997).

### B. Doctrine of Collateral Estoppel

■ The bankruptcy court "ultimately determines whether or not a debt is dischargeable" under 11 U.S.C. § 523(a)(2)(A), but the "doctrine of collateral estoppel may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability." *Kle-*

---

1. The Defendant's pleadings were construed liberally due to her *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *see also Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir.1991).

*mens v. Wallace (In re Wallace)*, 840 F.2d 762, 764 (10th Cir.1988). "A federal court reviewing the preclusive effect of a state court judgment under the collateral estoppel doctrine is guided by the mandates of 28 U.S.C. § 1738, the Full Faith and Credit Statute." *State Farm Fire and Cas. Co. v. Edie (In re Edie)*, 314 B.R. 6, 12 (Bankr. D.Utah 2004). This statute mandates that federal courts apply the preclusion law "of the state in which the judgment was rendered." *Id.*

▮ Therefore, Colorado collateral estoppel doctrine will apply in this adversary proceeding. In Colorado, "collateral estoppel bars relitigation of an issue if the following factors are satisfied: (1) The Issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding." *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84–85 (Colo.1999). "The burden of establishing these elements rests with the party seeking preclusion." *Id.*

▮ According to the Colorado Supreme Court, an issue is actually litigated when the parties have raised the issue in the prior action. *Id.* "A legally raised issue is one that a party, by appropriate pleading, asserts through a claim or cause of action against the other." *Id.* The issue in question must have been submitted for determination and actually ruled on by an "adjudicatory body." *Id.* However, collateral estoppel does not bar litigation of matters that could have been raised in the prior proceeding but were not. *Id.* at 86. Additionally, the issue in question must

not have only been actually litigated, but also necessary to the previous action, which is to say that the adjudication of the issue was essential to the judgment in the prior court.

▮ In order to determine whether a party had a full and fair opportunity to litigate the issue in the prior proceeding, the following factors are considered: "whether the remedies and procedures of the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted, whether the party against whom collateral estoppel is asserted had sufficient incentive to litigate vigorously, and to the extent to which the issues are identical." *Grynberg v. Arkansas Oklahoma Gas Corp.*, 116 P.3d 1260, 1265 (Colo.App.2005). The first element "requires an inquiry into whether the initial proceeding was so inadequate or so narrow in focus as to deprive an individual of his or her due process rights should application of the doctrine of collateral estoppel be used to bar relitigation of that issue." *Id.* This means that an individual must have been able to raise the issues that are to be precluded, not that they were required to. *Id.* Additionally, it is important to consider that a party "does not have the same incentive to litigate in the first proceeding if its exposure to liability is substantially less than in the second proceeding." *Id.*

▮ Through the operation of these elements, a Colorado court's final decision on an issue actually litigated and decided precludes relitigation of that issue in subsequent state or federal actions. *Bebo Constr. Co.*, 990 P.2d at 84.

### C. Elements of Fraud Under 11 U.S.C. § 523(a)(2)(A)

▮ Pursuant to § 523(a)(2)(A), a debtor will not be discharged from a debt

for "money, property, or services ... to the extent obtained by (A) false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). A claim will not be dischargeable under this subsection "if the following elements are proven: (1) the debtor made a false representation; (2) the debtor made the representation with the intent to deceive the creditor; (3) the creditor relied on that representation; (4) the creditor's reliance as [justifiable];[2] (5) the debtor's representation caused the creditor to sustain a loss." *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir.1996).

 Therefore, to establish a debt as nondischargeable, the Plaintiff bears the burden of proving the elements listed above by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

### D. Application of Elements of Fraud Under 11 U.S.C. § 523(a)(2)(A)

Summary judgment may be issued if the moving party demonstrates that there are no issues of material fact and a judgment as a matter of law is appropriate. This may be done by the moving party making a prima facie demonstration that there are no issues of material fact and the non-moving party failing to set forth specific facts and evidence that rebut such a prima facie showing, or by the use of collateral estoppel. The doctrine of collateral estop-pel may be applied to dischargeability actions in bankruptcy court, but the law to be applied is that of the state in which the prior action took place. Each element of fraud under 11 U.S.C. § 523(a)(2)(A) is examined for possible summary judgment based on the prima facie case the Plaintiff in this proceeding has made or through collateral estoppel.

### 1. False Representation

 False representations are "representations knowingly and fraudulently made that give rise to the debt." *Cobb v. Lewis (In re Lewis)*, 271 B.R. 877, 885 (10th Cir. BAP 2002). The Plaintiff provides an affidavit from an employee of the Adams County Department of Social Services stating that the Defendant made false representations about her county of residence, and that these representations were relied on by the Department (Docket # 27). This affidavit and additional documentation satisfies the Plaintiff's burden. However, the Defendant's Dispute Against Motion for Default Judgment (Docket # 10)[3] denies most of the allegations in the Plaintiff's complaint and accompanying affidavit by setting forth facts and evidence, which if proven true, would allow the Defendant to discharge the debt. The Defendant insists that she was a resident of Adams County during the time in question and provides a list of witnesses who will testify on her behalf, photographs of

---

2. The *Fowler Bros.* Court used the term "reasonable" reliance, but the Supreme Court has held that § 523(a)(2)(A) requires justifiable, and not reasonable, reliance in the case of *Field v. Mans*, 516 U.S. 59, 74, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). This Court will apply that standard rather than the reasonable reliance standard articulated in *Fowler Bros. v. Young*. In order for the Plaintiff to have justifiable reliance on a representation under 11 U.S.C. § 523(a)(2)(A), the Plaintiff need only perform a cursory inspection of the representation to the extent that it should be very obvious that the representation is fraudulent. *Field v. Mans*, 516 U.S. 59, 71, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). Justifiable reliance is not reasonable reliance, so the objective reasonable person standard does not apply; it is merely what a cursory examination of the representation would uncover. *Id* at 72, 116 S.Ct. 437.

3. This document was liberally construed by the Court as the Defendant's Answer.

the homes she claims to have lived in as well as a pay stub addressed an Adams County address in her name (Docket # 15). Therefore, the Defendant rebuts the Plaintiff's prima facie showing that she was not a resident of Adams County during the time period in question.

In this case, the Defendant submitted a verified Answer that may be treated as an affidavit that rebuts the allegations in the Plaintiff's Affidavit. The Defendant specifically claims that she did not commit fraud or make any false representations concerning her address and supports these assertions with documentation and witnesses. Therefore, the Defendant's Answer rebuts the Plaintiffs prima facie case for false representation, thereby demonstrating that there are indeed issues of material fact concerning any false representation. Additionally, the Defendant's answer is not "self-serving" because it is not just a general denial of any wrongdoing, but it is a document that rebuts the Plaintiff's claims while also providing documentation and information that support her defenses.

The Plaintiff's Motion for Summary Judgment requests that this Court apply collateral estoppel to the issues resolved in the State Court proceeding. The Plaintiff argues this will prevent the need for further litigation on the issue of false representation since the Defendant confessed the allegations contained in the State Court complaint. The Plaintiff is correct in stating that collateral estoppel should apply to the issues resolved in the State Court, but misrepresentation was not such an issue. First, collateral estoppel requires that, "the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding." *Bebo Constr. Co.*, 990 P.2d at 84. Accordingly, the issue of false representation must have been raised in the prior action

through a claim or cause of action. *Id.* The State Court complaint contains no allegation of false representations, and the lack of a trial or discovery in the State Court did not allow for it to make any findings of fact in addition to any in the complaint itself. *See Evans v. Dunston (In re Dunston)*, 146 B.R. 269, 277 (D.Colo.1992). The State Court complaint filed against the Defendant only claims that she "was not entitled" to the Benefits she received, not how or why that is. From the documents submitted to this Court, it appears that the issue of false representation was never raised in the State Court, so it was not "actually litigated" or necessary to the previous action. Consequently, whether the Defendant made any false representations about her address is a novel issue to this proceeding and is not identical to any issue litigated in a prior proceeding.

Because it is clear that the issue of false representation was not addressed in the State Court, the first element of collateral estoppel fails. Therefore, collateral estoppel cannot be applied to the false representation element and no further discussion of the elements of collateral estoppel is necessary.

### 2. *Intent to Deceive*

 The analysis of this element is substantially similar to that of false representation. The affidavit and complaint filed by the Plaintiff in this adversary proceeding alleges that the Defendant made false representations about her address with the intent to deceive the Plaintiff. Again, the Defendant denies that she made false representations, and therefore also denies any intent to deceive the Plaintiff. The Defendant maintains that she was a resident of Adams County during the time period in question, so she did not intend to deceive the Plaintiff. As in the first ele-.

ment under § 523(a)(2)(A), the Defendant denies the Plaintiff's allegation and provides witnesses and supporting documentation in her Answer to rebut the Plaintiff's prima facie case, which demonstrates that there is an issue of material fact as to her intent to deceive the Plaintiff. Even if the Defendant had admitted making false representations, summary judgment is difficult to obtain when the issue is the intent of one of the parties. *Jobin v. Waukau (In re M & L Bus. Mach. Co., Inc.)*, 166 B.R. 723, 724–25 (Bankr.D.Colo.1993). "Such matters are usually best determined at a trial on the merits rather than on a cold record of affidavits." *Id.* at 725. Therefore, this Court is not generally inclined to grant summary judgment where the intent of a party is a central issue.

Again, for collateral estoppel to apply in Colorado, the issue to be precluded must be identical "to an issue actually litigated and necessarily adjudicated in the prior proceeding," with the term "actually litigated" meaning that the issue to be precluded was actually raised in appropriate pleadings through claims or causes of action in the prior court. *Bebo Constr. Co.*, 990 P.2d at 84–5. Because the Defendant confessed judgment in the State Court and no fact finding was conducted by that court, the only issues raised were those in the original State Court complaint. As is the case with the false representation element, there was no claim, cause of action, or allegation that the Defendant had the intent to deceive the Plaintiff. Therefore, the intent issue is not identical to any issue litigated in the State Court and cannot be precluded from litigation in this proceeding.

### 3. Reliance on the Debtor's Representation

■ The Plaintiff's Complaint alleges that it relied on the Defendant's represen-

tation that she lived in Adams County during the time in question, which is supported by the affidavit provided by the Plaintiff. The Plaintiff asserts that it relied on the Defendant's completed Application for Child Care Services where she indicated that her address was in Adams County and a Client Responsibilities Agreement where the Defendant agreed to be responsible for reporting changes in her address to the County. Therefore, the Plaintiff has made a prima facie showing that there are no issues of material fact with regard to this element of § 523. The burden then shifts to the party opposing summary judgment to set forth specific facts and evidence rebutting the moving party's contention that there is no issue of material fact.

The Defendant in this case did not deny that the Plaintiff relied on her representations in her verified Answer, nor did she provide any evidence demonstrating a lack of reliance by the Plaintiff on her representations. Therefore, the Defendant did not meet her burden of showing that there are issues of material fact with regard to this element, and summary judgment is appropriate on this issue. Further, the Defendant continues to maintain that the address she provided to the Department is accurate, so she intended for the Defendant to rely on her representation.

Summary judgment in favor of the Plaintiff is appropriate on this element of § 523 because the Defendant failed to rebut the Plaintiff's demonstration in its Complaint or Motion for Summary Judgment, demonstrating that there are no issues of material fact with regard to this issue.

### 4. Reliance on the Debtor's Representations is Justifiable

■ The Plaintiff alleges that it justifiably relied on the Defendant's representa-

tion that she was a resident of Adams County from January 2002 through October 2002. The Plaintiff further alleges, with supporting documentation (Docket # 3) that the Defendant agreed to be responsible for reporting changes that may affect her eligibility for Benefits, but she reported a change of address to a location where the Plaintiff claims she did not actually reside. A cursory examination of the Defendant's letter and forms submitted to the Department clearly shows that she represented her address to be in Adams County during the disputed time period. This is enough for the Plaintiff to fulfill its burden of demonstrating that there is no issue of material fact with regard to this element of § 523.

The Defendant did not dispute this issue in her verified answer, nor did she provide this Court with any evidence that might demonstrate otherwise. Therefore, the Defendant did not rebut the Plaintiff's showing. The Plaintiff is under no obligation to undertake a more thorough examination of the documents, nor did the Plaintiff have any reason to question the representations made by the Defendant. *See Field,* 516 U.S. at 71, 116 S.Ct. 437.

### 5. The Debtor's Representation Caused Loss to the Creditor

The last element to be resolved in a § 523(a)(2)(A) action for exception to discharge is damages sustained by the creditor due to the debtor's representations. *Young,* 91 F.3d at 1373. The Plaintiff alleges that it sustained damages in the amount of $10,320 plus twenty-five dollars in court costs. The Plaintiff provides an affidavit from an employee of the Department as well as supporting documentation stating that such an amount was lost by the Department, thus making a prima facie case that there is no issue of material fact in this matter (Docket # 27). The Defen-

dant now denies, in her verified Answer, that she improperly receive the Benefits and denies that she owes the Plaintiff any amount of money. In fact, the Defendant claims that the Plaintiff wrongfully garnisheed her wages for the amount of $2,500, which she requests be returned (Docket # 15). The Defendant's verified Answer rebuts the Plaintiff's affidavit and she pleads specific facts and provides evidence that she was a resident of Adams County during the time period in question, thereby calling into question the Plaintiff's claim of loss. Therefore, there appears to be a dispute of material fact with regard to this claim based on the documents filed with this Court.

However, the Defendant is precluded from relitigating this element because of the doctrine of collateral estoppel. First, the damages element is identical to an issue actually litigated and necessarily adjudicated in the State Court. *Bebo Constr. Co.,* 990 P.2d at 85. The issue of damages was raised in the Plaintiff's original State Court complaint and the Defendant confessed judgment to all claims in that complaint, therefore the Defendant's confession is a final judgment on the merits. *See Steinhauer v. Colmar,* 11 Colo.App. 494, 497, 55 P. 291, 292 (1898). Because this issue is identical to the one litigated in the State Court, the Defendant had a full and fair opportunity to litigate the issue prior to this proceeding. The State Court proceeding was adequate to provide the Defendant with proper due process and she also had sufficient incentive to litigate this issue in the State Court at the time because her exposure to liability was significant. *See Grynberg,* 116 P.3d at 1265.

Therefore, the Defendant is precluded from relitigating the amount of damages in this Court. She confessed that she improperly obtained Benefits from Adams County during the time period in question

and that she owed $10,320, but the reason why the Defendant's receipt of Benefits was improper was not litigated. The Defendant's confession to owing the Plaintiff $10,320 in State Court means that this issue may not be addressed in this adversary proceeding.

Summary judgment is appropriate on this issue because there is no issue of material facts concerning this element of § 523(a)(2)(A). While this element may be disputed in the documents filed with this Court, collateral estoppel settles the facts as adjudicated in the State Court litigation.

### III. Conclusion

In accordance with the foregoing discussion, the Court finds that the judgment rendered in the State Court action is a valid final judgment that is entitled to preclusive effect as to legal and factual issues which were decided in those proceedings. However, only the issue of loss to the Plaintiff has been conclusively determined in the State Court action. There is no factual dispute as to the Plaintiff's reliance or whether its reliance on the Defendant's representations was justifiable. Therefore, the issues of loss, reliance by the Plaintiff and whether the reliance was justifiable do not need to be further litigated in this proceeding. The Court finds that there is a disputed factual issue regarding the accuracy of the Defendant's representations and her intent to deceive the Plaintiff by those representations. Consequently, summary judgment must be denied. The issues at trial will be limited to only those of false representation and the Defendant's intent to deceive the Plaintiff. Therefore, it is

**ORDERED** that the Plaintiff's Motion for Summary Judgment is hereby DENIED. The Court will set a FED. R. BANKR. P. 7016 status and scheduling conference by separate order.